**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JPMORGAN CHASE BANK, N.A.,

         Plaintiff,

vs.

SFR INVESTMENTS POOL 1, LLC, *et al.*,

         Defendants.

Case No.: 2:17-cv-00004-GMN-DJA

**ORDER**

Pending before the Court are the Motions for Default Judgment, (ECF Nos. 60, 62), filed by SFR Investments Pool 1, LLC ("SFR") against Cross-Claim Defendants Moushir Manious ("Manious") and United Guaranty Residential Insurance Company of North Carolina ("United Guaranty"). For the reasons discussed below, the Court **GRANTS** SFR's Motions for Default Judgment.

**I.    BACKGROUND**

This case arises from a foreclosure sale of real property located at 3030 Panorama Ridge Drive, Henderson, Nevada 89052 ("the Property"), which occurred in January of 2013. The foreclosing party was the homeowners association that governed the Property, Seven Hills Master Community Association ("HOA"). The HOA initiated foreclosure proceedings based on the statutory scheme in Chapter 116 of the Nevada Revised Statutes due to delinquent assessments owed to the HOA by the Property's owner (Manious). (Not. Delinquent Assessment, Ex. 1-B to Mot. Default J., ECF No. 60-3); (Notice of Trustee's Sale, Ex. 1-D to Mot. Default J., ECF No. 60-5). SFR purchased the Property at the HOA's foreclosure sale. (Trustee's Deed Upon Sale, Ex. 1-E to Mot. Default J., ECF No. 60-6).

On January 3, 2017, JPMorgan Chase Bank, N.A. ("JPMorgan") commenced this action by filing its Complaint against SFR, the HOA, and Manious, wherein JP Morgan claimed that the HOA's foreclosure sale was improper and invalid. (Compl. ¶¶ 43–73, ECF No. 1). SFR then filed an Answer on March 20, 2017, and alleged various counter-claims and cross-claims. (Answer/Counterclaim/Cross-Complaint, ECF No. 15). SFR's cross-claims named Manious and United Guaranty as cross-defendants based on the possibility of holding an interest in the Property that could affect SFR's interest. (*Id.* ¶¶ 3–4, 48–55). SFR served United Guaranty with its Cross-Complaint on April 20, 2017, and then served Manious through several publications in June and July of 2017. (Summons Returned Executed, ECF No. 26); (Aff. Publication, ECF No. 35).

United Guaranty and Manious failed to appear or otherwise defend themselves in this case. Accordingly, on July 18, 2019, SFR secured an Entry of Default against Manious; then secured an Entry of Default against United Guaranty on January 15, 2020. (Entry of Default, ECF Nos. 56, 61). SFR now moves for entry of judgment by default against Manious and United Guaranty. (Mots. Default J., ECF No. 60, 62).

## II. **LEGAL STANDARD**

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Then, after the clerk of court enters default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true.

In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the

action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

### III.  DISCUSSION

Judgment by default in favor of SFR and against United Guaranty and Manious is appropriate here based on the seven *Eitel* factors listed above.  First, SFR has litigated this case for nearly three years—with all of that time involving its cross-claims against United Guaranty and Manious. (Answer/Counterclaim/Cross-Complaint, ECF No. 15).  SFR would consequently suffer prejudice without default judgment against United Guaranty and Manious by expending additional resources to litigate the unopposed cross-claims.

Regarding the second and third *Eitel* factors, SFR provides evidence to support its claims against United Guaranty and Manious, which are sufficiently alleged in the Cross-Complaint, (ECF No. 15), based on the liberal pleading standard from Rule 8 of the Federal Rules of Civil Procedure.  SFR's evidence supports its contention that the HOA followed NRS 116's procedures to foreclose under a superpriority lien; and that the HOA's foreclosure permitted SFR to purchase the Property without United Guaranty and Manious continuing to hold an interest in the Property. (Not. Delinquent Assessment, Ex. 1-B to Mot. Default J., ECF No. 60-3); (Notice of Trustee's Sale, Ex. 1-D to Mot. Default J., ECF No. 60-5); (Not. Default and Election to Sell, Ex. 1-C to Motion Default J., ECF No. 60-4); (Not. Trustee's Sale, Ex. 1-D to Motion Default J., ECF No. 60-5); (Trustee's Deed Upon Sale, Ex. 1-E to Mot. Default J., ECF No. 60-6).

The fourth *Eitel* factor bears minimal consideration because SFR does not request a monetary award against United Guaranty or Manious. (*See* Decl. Christopher J. Hardin ¶ 10, Ex. 1 to Default J., ECF Nos. 60-1, 62-1).  Rather, SFR requests declaratory judgment against United Guaranty and Manious for the following: the foreclosure sale and resulting deed are

deemed valid; SFR is the rightful owner of title to the Property; and United Guaranty and Manious have no right, title, or interest in the Property. This fourth factor thus does not defeat SFR's request for default judgment.

The remaining *Eitel* factors support judgment by default against United Guaranty and Manious. The failure of United Guaranty and Manious to participate in this case renders a likelihood of dispute over materials facts unlikely. And no facts suggest that default arises from excusable neglect because SFR served United Guaranty and Manious with the Summons, Answer, Counterclaim, Crossclaims, and Lis Pendens back in April and July of 2017. (Summons Returned Executed, ECF No. 26); (Aff. Publication, ECF No. 35). SFR then earned Entries of Default against United Guaranty and Manious over a year later. (Entry of Default, ECF Nos. 56, 61). Based on these procedures taken by SFR, a decision on the merits appears "impractical, if not impossible." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002.). Entry of judgment by default in favor of SFR and against United Guaranty and Manious is therefore proper under these circumstances.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that SFR's Motions for Default Judgment, (ECF Nos. 60, 62), are **GRANTED**.

The Clerk of Court is instructed to enter judgment accordingly and close the case.

**DATED** this __18__ day of February, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court